IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DEUEL HUNTE,<br><br>   Plaintiff,<br><br>v.<br><br>MIDSTATE STEEL, INC.,<br><br>   Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

# COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Deuel Hunte ("Plaintiff"), by and through their undersigned counsel, and files this, their Complaint for Damages against Defendant Midstate Steel, Inc. ("Defendant") and shows the Court as follows:

# NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant for violations of her rights under 42 U.S.C. § 1981.

# JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

# PARTIES

4.

Plaintiff is an African-American citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Margaret Zschiesche, located at 2001 Jeffersonville Rd, Macon, GA, 31217.

# FACTS

## 7.

Plaintiff was hired by Defendant, on or about December 14, 2022, as a General Laborer. Plaintiff is African-American/black.

## 8.

As soon as Plaintiff began working, he started to experience racially discriminatory treatment from his supervisor, John Kimsey.

## 9.

While white employees that started at the same time as Plaintiff, along with ones who started after Plaintiff, were given advancements, pay raises, and training and certification, black employees, including Plaintiff were not.

## 10.

White employees with less experience were trained on new, complex equipment, while Plaintiff was not even trained on simple machines. This negatively impacted Plaintiff's opportunities for advancement and additional compensation.

## 11.

Plaintiff was kept in an area away from any work that would allow him to earn certifications.

12.

As a result, Plaintiff asked Kimsey why new white employees were allowed to do work he had ben trying to do for months.

13.

Kimsey told Plaintiff that this was due to seniority.

14.

However, white employees with less seniority than Plaintiff were being given advancements, pay raises, and training and certification.

15.

Plaintiff also noticed other situations where black employees were discriminated against.

16.

For example, on or about March 1, 2023, there was a dispute between a black employee who had been with Defendant for twenty-five years and a new white employee.

17.

The black employee was sent home, while the white employee was not.

18.

That same day, Plaintiff complained to Kimsey that it looked like the seniority reason Defendant had previously cited had a color code.

19.

On or about May 1, 2023, Plaintiff again complained to Kimsey about the discriminatory treatment he had been experiencing.

20.

In response, Kimsey became extremely angry at Plaintiff and kicked the door to his office open.

21.

As a result of Kimsey's response, Plaintiff then went and complained to Respondent's owner, Daniel Sloccumb, who asked Plaintiff if he believed he was a victim of economic racism.

22.

Plaintiff responded that he did think he was a victim of economic racism.

23.

Plaintiff then expressed the same complaints about discriminatory practices and preferential treatment that he had complained of to Kimsey.

24.

Sloccumb then terminated Plaintiff.

25.

Any non-retaliatory reason given for Plaintiff's termination is pretext for unlawful retaliation.

## COUNT I: Retaliation in Violation of 42 U.S.C. § 1981

30.

Plaintiff re-alleges paragraphs 7-25 as if set forth fully herein.

31.

Plaintiff Defendant terminated Plaintiff in retaliation for engaging in protected activity.

32.

42 U.S.C. § 1981 prohibits Defendant from retaliating against Plaintiff for engaging in protected activity.

33.

Plaintiff's complaints and opposition to discriminatory actions and practices constitutes protected activity under 42 U.S.C. § 1981.

34.

Defendant subjected Plaintiff to adverse action (to wit, termination) because of his protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from engaging in protected activity.

35.

There was a causal connection between the protected conduct and the adverse action of termination.

36.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

37.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

38.

Plaintiff is African American/black. Plaintiff had an employment agreement with Defendant within the meaning of 42 U.S.C. § 1981, under which, *inter alia*, Plaintiff worked for Defendant, and Defendant compensated Plaintiff for work.

39.

Plaintiff performed his contractual obligations.

40.

Defendant violated Plaintiff's rights under 42 U.S.C. § 1981.

# **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Grant Plaintiff damages for lost wages and benefits and prejudgment interest thereon;

(C)  Grant Plaintiff General damages for mental and emotional suffering caused by Defendant's unlawful conduct;

(D)  Grant declaratory judgment declaring that Plaintiffs' rights have been violated;

(E)  Grant punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(F)  Grant Plaintiff reasonable attorneys' fees and expenses of litigation;

(G)  Grant injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(H)  Award Plaintiff such further and additional relief as may be just and appropriate.

This 29th day of September, 2023.

BARRETT & FARAHANY

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com